NOT DESIGNATED FOR PUBLICATION

No. 114,737

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDREW CUMMINGS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed June 10, 2016. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., BUSER and BRUNS, JJ.

*Per Curiam*:  Andrew R. Cummings appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Cummings' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed a response and requested that the district court's judgment be affirmed.

On February 5, 2015, Cummings pled guilty to one count of burglary. On April 27, 2015, the district court sentenced Cummings to 6 months' imprisonment but granted probation with community corrections for 12 months.

1

At a hearing on September 8, 2015, Cummings stipulated to several violations of his probation, including failing to report to his probation officer and failing to submit a urinalysis. Cummings informed the district court that he was working and trying to provide for his children and asked for reinstatement to probation. After hearing all the arguments, the district court found Cummings to be an absconder and also found that it would not be in Cummings' best interest to continue probation because he had a history of repeatedly failing to appear or comply with court directives. Accordingly, the district court revoked Cummings' probation and ordered him to serve his underlying prison sentence. Cummings timely appealed.

On appeal, Cummings contends that the district court "abused its discretion by revoking probation and ordering service of the underlying prison sentence." Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

K.S.A. 2015 Supp. 22-3716(c)(9) provides that the court may revoke a defendant's probation without having previously imposed an intermediate sanction if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such a sanction. Here, the district court found that it would not be in Cummings' best interest to continue probation because he had a history of repeatedly failing to appear or comply

2

with court directives. Cummings does not challenge the sufficiency of that finding. Moreover, the district court's decision to revoke Cummings' probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Cummings' probation and ordering him to serve his underlying prison sentence.

Affirmed.